**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **Mabeline Serrano-Santana**<br>*Plaintiff*<br><br>*v.*<br><br>**Puerto Rico Police Department a/k/a Negociado de la Policia de Puerto Rico; Commonwealth of Puerto Rico a/k/a Gobierno de Puerto Rico; Justo Maldonado-Martinez**<br>*Defendants* | CIVIL ACTION<br>Case No. 3:24-cv-1318<br>Employment Discrimination<br>• GENDER/SEX<br>• AGE(ADEA)<br>• Retaliation<br><br>*Demand for Jury Trial* |

# COMPLAINT

## INTRODUCTION

1. Plaintiff *Mabeline Serrano-Santana* brings this civil action pursuant to Title VII of the Civil Rights Act, and the Age Discrimination in Employment Act, to remedy acts of workplace discrimination perpetrated against her by defendants. The Plaintiff asserts unlawful acts of discrimination because of her *age* and her *gender* were perpetrated against her by defendant Puerto Rico Police Department a/k/a Negociado de la Policia de Puerto Rico and Justo Maldonado Martinez (Collectively hereinafter "Defendants") Plaintiff was subjected to sexual harassment because of her gender and subjected to workplace *retaliation* shortly after filing her EEOC Charge.

2. Plaintiff is a *female* State Police Officer who has worked for defendants for over twenty-eight (28) years, at all times relevant to this Complaint, ascribed to the FURA division, specifically the Sea section, in Ceiba. Codefendants Supervisor Maldonado-Martinez frequently made comments about plaintiff's age, such as referring to her as "Doña Madeline", indicating verbally that they both were old and that he liked her gray hair, among others unwelcome remarks.

3. Plaintiff was subjected to unlawful sexual harassment at work and discrimination because of her gender as a woman, while similarly situated male/under protected age employees were treated more favorably by employer. These include *Erick Toro Colon, Perez Daza, Paredes,*

1

*Xavier Bernardi, Edimiro Roddriguez Abreu and Edermiro Rodriguez*. The Plaintiff respectfully asks the Court to find defendants in violation of Federal Antidiscrimination Laws, specifically Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and Puerto Rico laws, and to award the relief requested below. Defendants violated her rights under Federal and Puerto Rico law. Plaintiff seeks what is just: Compensatory, punitive damages, and attorney fees.

## JURISDICTION

4.  This Honorable Court has original jurisdiction over Plaintiff's federal claims set forth in this complaint pursuant to 28 U.S.C. §1331 (federal question), and pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2, and Age Discrimination in Employment Act of 1967, as amended ("ADEA"), as codified 29 U.S.C. §§621-634 (amended in 1984, 1990, the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 99-592, the Civil Rights Act of 1991, Pub. L. No. 102-166), and this Court may also exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367 (a) because those arise from the same nucleus of operative facts as Plaintiff's federal claims.

5.  Venue properly lies before this Court under 28 U.S.C. §1391(b) and 42 U.S.C. Section 2000e-5(f) (3), as plaintiff was employed in Puerto Rico. The plaintiff is a resident of the Commonwealth of Puerto Rico and the acts and/or omissions giving rise to Plaintiff's claim have occurred in this district. A substantial part of the events giving rise to this suit arose on defendant's premises, located in the Commonwealth of Puerto Rico.  Accordingly, under 29 U.S.C. §1391 (b)(2), venue lies in this judicial district.

6.  Prior to filing this lawsuit, plaintiff filed a Charge with the U.S. Equal Employment Opportunity Commission ("EEOC"), where she charged defendant with discrimination based on her *age* and *gender/sex*. Charge No. 515-2022-00342 was filed on 03/05/2022 and placed the defendants on notice of her claims under Federal employment statutes, including Title VII for gender discrimination, specifically *sexual harassment* and *retaliation*. She later received a Notice of Right to Sue dated 04/17/2024. Defendants were also charged with *continuing* discrimination.

**PARTIES**

7. Plaintiff *Mabeline Serrano-Santana* ("Plaintiff") is a citizen of Puerto Rico and at all relevant times was employed by defendants in the Commonwealth of Puerto Rico. Plaintiff is a *female* State Police Officer who has worked for defendants for over twenty-eight (28) years, at all times relevant to this Complaint, ascribed to the FURA division, specifically the Sea section, in Ceiba, as a FURA Agent, and worked under direct supervision of FURA Sea section Chief, and codefendant *Justo Maldonado-Martinez*. She is a *woman over the age of forty (40)* and belongs to a protected group of employees because of her age and gender. She resides in the judicial District of Puerto Rico. Plaintiff's mailing address is PO Box 642, Rio Blanco, Puerto Rico 00744.

8. The Defendant Puerto Rico Police Department a/k/a *Negociado de la Policia de Puerto Rico* ("Defendant") based on information and belief, is commanded by *Coronel Antonio Lopez Figueroa*, and is Puerto Rico's premier law enforcement agency, with address 601 Ave. Frankin Delano Roosevelt, San Juan PR 00936. Defendant is vicariously liable for plaintiff's supervisors' unlawful actions and omissions.

9. Defendant Commonwealth of Puerto Rico a/k/a Gobierno de Puerto Rico is made a party to this case to comply with service of process requirements for civil actions brought against the Commonwealth. Based on information and belief, its mailing address is Calle Olimpo, Esq. Axtmayer, Pda. 11, Miramar, San Juan PR.

10. Codefendant *Justo Maldonado-Martinez* is defendant's responsible management official (RMO), and at all relevant times was plaintiff's Senior/direct (male) supervisor. Based on information and belief, his mailing address is HC-04 Box 4421, Las Piedras, PR 00771-9412.

11. The Plaintiff reserves the right to amend her Complaint, to include other employer's supervisors and/or entities that could be held vicariously liable for defendants' unlawful actions.

12. Defendants are employees, agents, supervisory personnel and were, at all times material to this Complaint, acting in the course and scope of employment. Defendants participated in and/or directed the unlawful violations alleged herein or knew of the violations and failed to act to prevent. All individual defendants are jointly liable for monetary damages alleged herein.

## FACTUAL ALLEGATIONS

13. The Plaintiff *Mabeline Serrano-Santana*, a *female* employee, at all times relevant to this Complaint was a Puerto Rico Police Officer, who works for defendant Puerto Rico Police Department a/k/a Negociado de la Policia de Puerto Rico. She is over the age of forty (40+), as her year of birth is 1973. She belongs to a protected group of employees because off her gender (woman) and her age, *over forty (40) years of age*.

14. Plaintiff is a *female* State Police Officer who has worked for defendants for over twenty-eight (28) years, and at all times relevant to this Complaint, has met employer's legitimate work performance expectations. She was assigned to FURA division, specifically the Sea section, in Ceiba, and worked under direct supervision of FURA Sea section Chief, and codefendant *Justo Maldonato-Martinez*. At times, during her employment, she served as witness and has testified for internal administrative complaints.

15. During July 2021, plaintiff began to feel uncomfortable at work, as result of Justo Maldonado-Martinez' unwelcomed comments about her appearance and her body. Since then, she was subjected to ongoing sexual harassment, discrimination and retaliation at work, because she is a female.

16. In May 2021, codefendant Justo Maldonado-Martines was assigned to Sea section of FURA at the Ceiba station, and shortly after, when she came back from her vacations in July 2021, codefendant began a recurring pattern of sexual harassment specifically directed at her, which was unwelcomed. He made derogatory comments of a sexual nature about her appearances, such as "remember when you arrived at the Caguas area on a police motorcycle thru the Storage Area, and would stop everyone because of her hairstyle", he would bring lunch to share with the

4

plaintiff, which she refused to accept. When the plaintiff indicated to Maldonado, that she was on a diet, codefendant would reply "forget about your diet, you look good like that, I like you like this", other times comments such as "I like your hair color, is it tinted, I like your gray hairs".

17. At that time, he offered the plaintiff to work administratively in his office, because he would comment that she seems "delicate" and because of her appearance "you should be in an office". At some point the plaintiff was summoned by codefendant for a meeting, on her day off, to which she attended dressed in plain cloth, after the meeting codefendant approached plaintiff and intentionally invaded her personal space, causing unwelcome physical contact, and told the plaintiff "why are you wearing that jacket?, when you leave take it off so that I can appreciate you" (referring to her breasts). Codefendant continued his unwelcomed behavior and comments, such as "I am good watching, you should smile because you look enchanting when you smile and I like that about you" When plaintiff arrived to her workplace, in shorts, he would make comments about liking "women like her (referring to the plaintiff) because she wore an anklet, referring to hearth shaped charms stating "those are things that make us fall in love". This unprofessional behavior continued, without her employer taking any kind of corrective action.

18. Codefendant Justo Maldonado-Martinez would call the phone board and ask the reception to call the plaintiff and tell her to go to his office, when plaintiff refused, codefendant would address the plaintiff in a hostile manner, when plaintiff choose to stand only at his office doorframe and would not go into his office. As this happened, the plaintiff could notice codefendant would stare incessantly at her intimate areas, while making sexual gestures with his mouth. His behavior would make the plaintiff feel very uncomfortable.

19. Codefendant would refer to the plaintiff as "Doña Madelin" implying she was old. And codefendant would make derogatory comments about her age, stating "we are old and should not go into the water, why don't you stay her with me, my office door will be open for you" Then he would send out all personnel on to the filed, in an effort to leave the plaintiff working alone in his office as receptionist for the station, so he could continue making unwelcome comments of

5

sexual nature, and continue sexually harassing her at work. Among the comments made to her were "we should go out and get sunlight", "I like your personality", "I like your hairstyle" those "white legs off yours are pretty". At one time, he would stretch out his hand and ask the plaintiff to caress his hand while stating to her "look how big my hands are", plaintiff refused to touch him.

20. After codefendant notice plaintiff refused to accept his comments and behavior, he began to intimidate her. After plaintiff testified during an internal investigation, with regards to a Cobra C-01 Sea craft from FURA, codefendant addressed the plaintiff stating, "at anytime you will be found with flies on your mouth", when he made that comment the plaintiff was the only person present, she felt fearful for her safety. Plaintiff complained to the shift supervisor about this, and he would simply state to her, that he felt sorry about her situation, but that he was there following orders and could not do anything about that.

21. At all times, the plaintiff indicated to codefendant Justo Maldonado-Martinez, that his sexual advances, including staring, comments and gestures, were unwelcomed. However, the codefendant continued sexual harassment of the plaintiff, and began to take retaliation by creating a hostile work environment for the plaintiff. Plaintiff obtained knowledge that Justo Maldonado-Martinez told Sargent Jose Hernandez-Maldonado to find a way to do an unfavorable work performance evaluation of the plaintiff. Sargent Hernandez would follow the plaintiff into all work area, including the bathrooms, and the parking area, and he would belittle her comments about being sexually harassed by codefendant Justo Maldonado-Martinez. Plaintiff felt excluded from work, and her work assignments were given to other employees, and everyone was told by codefendant to deny ever listening or watching his unwelcome advances towards plaintiff. The plaintiff had begun to record in a journal of sexually charged incidents, which was later unlawfully removed and stolen, from her backpack in the workplace.

22. In January 25, 2022, plaintiff asked for a meeting at FURA head office, with Commander Jaime Monett, to expose the situation at work, upon arriving the plaintiff notified a female Inspector, that she had filed an Internal Administrative Complaint at Puerto Rico Police

Headquarters, they simply told her she would get some days off, but plaintiff stated that would not solve the sexual harassment she was being subjected to by codefendant. Regrettably at no time, did codefendant Puerto Rico Police Department applied the process required by internal regulation concerning Sexual Harassment and Retaliation prevention. No preventive action was taken to avoid having Justo Maldonado-Martinez work in the same work area as the plaintiff, nor was he ever disciplined in any way.

23. In February 28, 2022, the plaintiff was interviewed by Sargent Joel Medina at the Carolina command, to discuss her most recent performance evaluation, one the plaintiff was not in agreement with. Despite plaintiff putting Sargent Medina on notice of the sexual harassment taking place, he stated he could not do anything about that. Plaintiff reached out to the headquarters in an effort to place another internal complaint against codefendant but was told by Lieutenant Otero that he could not take her administrative complaint. Plaintiff also reached out to Lieutenant Luis Garcia at Internal Affairs, and again was told, that they could not do anything about that.

24. After multiple unsuccessful attempts by the plaintiff to file a sexual harassment internal/administrative complaint with codefendant Puerto Rico Police Department, finally on March 17, 2022, she received notice by Sergeant Marelis Aviles, that Agent Linnette Matos would investigate. Agent Matos interviewed the plaintiff.

25. Shortly after, the plaintiff began to be excluded from work assignments, and was subjected to disparate treatment, as younger male coworkers were assigned to complete her tasks. Codefendant Justo Maldonado-Martinez took retaliatory actions which included assigning the plaintiff to work a desk job as receptionist, while minimizing her role as a Police Agent. No Police work assignment was given to her, and she was excluded from working on the field, either land or sea surveillance work. She was excluded from legitimate FURA work assignments. At that time codefendant Justo Maldonado-Martinez would tell plaintiff that he would get her fired and asked other male coworkers to exclude and mistreat the plaintiff.

26. The hostile work environment to which plaintiff was subjected to, was the direct result of her internal administrative complaints about her sexual harassment, and codefendant Justo Maldonado-Martinez unwelcome sexual advances. No corrective action was taken by codefendant Puerto Rico Police Department, while allowing her sexual harasser to continue to supervise her, and the hostile work environment to continue. Plaintiff felt fearful for her safety, vulnerable, intimidated, as her work environment worsened. All the while, she was excluded from every opportunity for advancement by codefendant Justo Maldonado-Martinez, because she is a woman.

27. On at least four (4) separate occasions, the plaintiff complained internally to her employer and codefendant, the Puerto Rico Police Department, about sexual harassment:

   a. January 25, 2022, at Puerto Rico Police Headquarters, with Sargent Marrero.

   b. January 25, 2022, at FURA Central office, with Inspector Bonilla.

   c. February 28, 2022, Administrative Investigation, Carolin, Sargent Joel Medina.

   d. March 24, 2022, Administrative Investigation, Antidiscrimination Guayama Office

28. Puerto Rico Police Department refused to act upon her previous complaints, it was not until March 24, 2022, that Sargent Marielis Aviles (woman), reclassified her internal complaint as Sexual Harassment, and on March 25, 2022, Agent Matos (woman) finally took down plaintiff's complaint about sexual harassment at work.

29. In May 2022, plaintiff was fed-up with the uncomfortable work environment and proceeded to file a Charge of discrimination with the EEOC.

30. During employment, at various times the plaintiff complained to her employer and defendants failed to treat her similarly and *failed to take corrective action*. The plaintiff was also subjected to *retaliation* for having reported a hostile work environment (protected activity). Defendants unlawfully engaged in retaliatory actions for opposing unlawful work practices.

31. Defendant's responsible management official, male supervisor Justo Maldonado-Martinez was allowed to continue working with and supervising the plaintiff. *Codefendant's*

unlawful discriminatory comments created a *hostile working environment* for the plaintiff and was discriminatory because of her *sex/gender*.

32. The plaintiff suffered willful sex-based/gender discrimination in the workplace because she was treated unfavorably by the employer, because she was a *woman*. She was treated less favorably than her male counterparts who engaged in *similar functions*. Defendant broke the law by allowing a similarly situated male employee and under PAG employees to take away plaintiff's work assignments, while allowing her supervisor to subject her to sexual harassment.

### Administrative Exhaustion

33. Plaintiff filed an EEOC Complaint charging defendant with *age* and *gender* discrimination. The EEOC issued a *Notice of Right to Sue*, and the Plaintiff has filed this civil action within 90 days of her receipt of Agency's notice. Accordingly, plaintiff has exhausted administrative remedies pursuant to 42 U.S.C. §2000e-5 and this Complaint is properly filed. The Plaintiff comes before this Court to seek what is deemed to be fair and just, thru reasonable compensation for her damages as a result of her employer's unlawful work practices.

### CAUSES OF ACTIONS

### COUNT I: Gender Discrimination/Violation of Title VII of the Civil Right Act

34. The foregoing paragraphs are realleged and incorporated by reference herein.

35. Defendants' conduct as alleged at length herein constitutes discrimination based on *gender* in violation of Title VII. The stated reason for defendant's actions were not the true reasons, but instead were *pretext* to hide defendant's discriminatory *animus*.

36. Defendant's conduct constitutes a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq. Title VII prohibits employers from discriminating against an employee on the basis of her gender and *also prohibits retaliation* against an employee who asserts her rights under the law. Title VII also prohibits workplace disciplinary practices that may have a *disproportionate* impact on a protected group of people, including *females*. Defendant's conduct violates statutory prohibition of employment retaliation. 29 USCA §215 (a) (3).

37. Title VII prohibits "discriminat[ion] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). The harassing action need not be inspired "by sexual desire" to be redressable under Title VII – the only requirement is that the action must be because of the victim's sex. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998); accord *Pérez-Cordero*, 656 F.3d at 28; *O'Rourke v. City of Providence*, 235 F.3d 713, 729 (1st Cir. 2001). An employer's creation or toleration of a hostile work environment, if sufficiently severe or pervasive, can qualify as an adverse employment action. See, *Noviello v. City of Boston*, 398 F.3d 76, 88-90 (1st Cir. 2005); *Quiles-Quiles v. Henderson*, 439 F.3d 1, 9 (1st Cir. 2006) ("[t]he adverse employment action requirement may be satisfied by showing the creating of a hostile work environment or the intensification of a pre-existing hostile environment."). Here codefendant Puerto Rico Police Department's inaction, and lack of preventing/corrective action, helped intensify a pre-existing hostile work environment.

## COUNT II: Retaliation in Violation of Title VII, 42 U.S.C. §2000e. et seq.

38. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

39. The elements of a prima facie case for retaliation under Title VII are: (1) the plaintiff engaged in protected opposition to discrimination, (2) a reasonable employee would have found the alleged retaliatory action to be materially adverse, and (3) there is a causal connection between the protected activity and the alleged retaliatory action. See *Khalik*, 671 F.3d at 1193. In the present case *defendants* engaged in adverse employment action against the plaintiff, *after the plaintiff had previously notified co-defendants of the situation*.

40. In this case, plaintiff engaged in protected conduct by making internal complaints. See *Petrarca v. Southern Union Co.*, No. 04-310S, 2007 WL 547690, at *12 (D.R.I. 2007) (citing 42 U.S.C. § 2000e-3(a)) ("protected conduct under Title VII's anti-retaliation provision is not limited to filing an administrative charge of discrimination. It expressly prohibits retaliation for

'oppos[ing] any practice made an unlawful practice' by Title VII."); see also *Perez-Cordero v. Wal-Mart Puerto Rico, Inc*., 656 F.3d 19, 31 (1st Cir. 2011) (holding plaintiff's reporting of complaints to his superiors about the harassment to which he was subjected suffices to show his "opposition" to that harassment within the meaning of Title VII). Thus, plaintiff's internal verbal and written complaints were related to sexual harassment and qualify as protected conduct. Plaintiff complaints against her male supervisor, were *a motivating factor* for subsequent adverse employment action. See *University of Texas Southwestern Medical Center v. Nassar*, 1133 S. Ct. 2517 (2013) and *Burlington N. & Santa Fe Rwy v. White*, 548 U.S. 53 (2006)

41. Title VII's purpose is to protect employees from an employer's unlawful actions. The Court will find that prohibited retaliation is not limited to discriminatory actions affecting the terms and conditions of employment but can also include an action that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." See *Burlington N. & S. F. R. Co. v. White*, 548 U.S. 52 (2006). "The relevant question is whether [the employer] was retaliating against [the plaintiff] for filing a complaint, not whether he was motivated by gender bias at the time." See DeCaire v. Mukasey, 530 F.3d 1, 19 (1st Cir. 2008).

42. Plaintiff is also entitled to a substantial award of *punitive damages*, as defendants engaged in retaliatory conduct with *malice* or *reckless indifference* to her federally protected rights. Title VII authorizes punitive damages when a plaintiff demonstrates that the defendant engaged in *intentional* discrimination with malice or reckless indifference to the federally protected rights of an aggrieved individual. See *Rodriguez-Torres*, 399 F. 3d at 64 (quoting 42 U.S.C. §1981a (b) (1)). See also *Kolstan v. American Dental Ass'n.*, 527 U.S. 526 [(1999)]

43. In the present case, defendants failed to sufficiently engage in a good-faith effort to implement an effective policy to prevent plaintiff's supervisor and RMO retaliatory actions, even after *written notice* was given to defendants.

44. On September 29, 2022, plaintiff notified the EEOC of additional retaliatory actions, such as unjustified work shift changes, as well the sharing of confidential medical information regarding her visits to a psychologist, with her coworkers, by management officials.

## COUNT III: Violation of the Age Discrimination in Employment Act
## (29 U.S.C.A. §621 et. seq.)

45. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

46. The Age Discrimination in Employment Act, as amended ("ADEA"), 29 U.S.C.A. §621et. seq., makes it illegal to discriminate against qualified persons at work because of their *age*. The plaintiff was over forty (40) years of age at the time of the adverse employment action.

47. Defendant discriminated against the plaintiff on the basis of her *age*.

48. Defendants also engaged in willful violation of the Anti-retaliation provision of the Age Discrimination in Employment Act (ADEA). See section 623(d), see also *Montes Rosario v. GAP, Inc.*, Opinion and Order, Civil No. 12-1654 (PAD), Sep. 30, 2016.

49. Defendants are jointly and severally liable.

## COUNT IV: Violation of Commonwealth of Puerto Rico Laws

50. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

### Gender Discrimination

51. Puerto Rico's Act No. 100, approved on June 30, 1959, as amended, is Puerto Rico's Employment Anti-Discrimination Act ("Ley Contra el Discrimen en el Empleo"). It prohibits discrimination by the employer based on an employee's *gender*. 29 L.P.R.A. §146. Specifically, it prohibits employers from taking adverse action against an employee because of her sex, with regards to the terms and conditions of employment, refusing to keep or reincorporate employee into a job, willful deprivation of employment and/or taking adverse actions that negatively affect employment status. It also creates a *presumption*.

**Age Discrimination**

52. Puerto Rico's Act No. 100, approved on June 30, 1959, as amended, is Puerto Rico's Employment Anti-Discrimination Act ("Ley Contra el Discrimen en el Empleo"). It prohibits discrimination by employer based on an employee's *age*. 29 L.P.R.A. §146. Specifically, it prohibits employers from taking adverse action against an employee because of her *age*, with regards to the terms and conditions of her employment, refusing to keep or reincorporate employee into her job, willful deprivation of employment and/or taking adverse actions that negatively affect her employment status. It also creates a *presumption* against the employer.

**Unlawful Retaliation**

53. Puerto Rico's Act No. 115, approved on December 20, 1991, is Puerto Rico's Employment *Anti-retaliation* Act ("Ley de Represalias contra empleado por ofrecer testimonio y causa de Accion""). It prohibits employers from retaliating against an employee who reports employer's unlawful practices to a government agency's investigation. Plaintiff belonged to a protected class *after* initiating EEOC investigations into employer's unlawful workplace practices. Act No. 169 (2014) amended Act No. 115 to extend its protection to employees that participate in internal company procedures. In this case, plaintiff filed internal complaints with her employer.

54. In this case, the plaintiff will establish that her protected activity was a but-for cause of the adverse actions taken by the employer, shortly after she filed her sexual harassment complaint. Her internal complaints as well as her EEOC Charge were in fact a motivating factors for subsequent adverse employment action. See *University of Texas Southwestern Medical Center v. Nassar*, 1133 S. Ct. 2517 (2013) and *Burlington N. & Santa Fe Rwy v. White*, 548 U.S. 53 (2006). Further, the plaintiff could be entitled to *doubling* of her damages pursuant to Puerto Rico Act No. 115, 29 L.P.R.A. §194 et seq., in this it is undisputed that the plaintiff complained internally and filed an EEOC Charge. As such, plaintiff's activity fits the scope of Act No. 115.

**PRAYER FOR RELIEF**

13

WHEREFORE, Plaintiff respectfully prays that this Honorable Court declares that Defendants' conduct was illegal and in violation of legal statutes herein identified, and that it grants Plaintiff the following remedies:

A. That this Honorable Court issues a Declaratory Judgment declaring that Defendant's actions and/or omissions violate applicable law.
B. That this Honorable Court award Plaintiff all other equitable relief.
C. That this Honorable Court enjoins Defendants from engaging in additional discrimination and retaliation against the Plaintiff.
D. That this Honorable Court award ***compensatory and general damages*** in the amount of **$1,000,000.00** against all Defendants sued in their individual and/or representative capacities, for the Plaintiff, or an amount to be determined according to proof during the trial, as provided by laws of the United States and the Commonwealth.
E. That this Honorable Court award exemplary and ***punitive damages*** in the amount of **$1,000,000.00** against all Defendants sued in their individual and/or representative capacities, or an amount to be determined at trial, in light of Defendant's willful, wanton, and malicious acts with conscious disregard and indifference to her rights.
F. That this Honorable Court award Plaintiff her costs, expenses, and attorney's fees.
G. Pre-judgment interest; and as indicated above, the Plaintiff seeks *compensatory* damages, *statutory* damages, *punitive* damages, *injunctive relieve* and any other relief this Court deems equitable, just and appropriate.

## JURY DEMAND

Plaintiff respectfully requests a *jury trial* on all issues triable to a jury.

In San Juan, Puerto Rico, on this 15<sup>th.</sup> Day of July, 2024.

Respectfully submitted,

| /S/ Winston Vidal-Gambaro | /S/ Humberto Cobo-Estrella |
|---|---|
| Winston Vidal-Gambaro | Humberto Cobo-Estrella, Esq. |
| **USDC-PR 130401** | **USDC-PR230108** |
| PO Box 193673 | PO Box 366451 |
| San Juan, Puerto Rico 00919-3673 | San Juan, Puerto Rico 00936-6451 |
| Tel. (787) 751-286 | Tel. (787) 529-7140 |
| Email: wvidal@prtc.net | Email: *hcobo@hcounsel.com* |

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/S/ Humberto Cobo-Estrella, Esq.
*Attorney for the Plaintiff*