**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **MABELINE SERRANO-SANTANA**<br><br>Plaintiff<br><br>v.<br><br>**PUERTO RICO POLICE DEPARTMENT,** *et al.*<br><br>Defendants | **CIVIL NO.** 24-1318 (GMM) |

**NOTICE OF INJUNCTION STAYING
THE INSTANT CASE UNDER TITLE III OF PROMESA**

**TO THE HONORABLE COURT:**

  **COME NOW** the appearing Defendants, the Commonwealth of Puerto Rico, the Puerto Rico Police and Justo Maldonado-Martínez, in his official capacity, without waiving any right or defense arising from Title III of the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA"), 48 U.S.C. §§2101 et seq. and the Commonwealth's Petition under said Title or under this case, and without submitting to the Court's jurisdiction, and very respectfully **STATE** and **PRAY** as follows:

**I.  INTRODUCTION**

  1.  On July 15, 2024, Mabeline Serrano-Santana (hereinafter "Plaintiff") filed a Complaint against the Puerto Rico Police Bureau alleging she was discriminated on the basis of sex, age and retaliation. She alleges that during July 2021, she became subject to sexual harassment, discrimination and retaliation at work because she is a female. (Docket No. 1, ¶¶ 15-

1

16). She claims that codefendant Justo Maldonado-Martínez[1], who was her supervisor, made derogatory comments about her appearance, her age and when Plaintiff refused to accept his comments, he began to intimidate her. Id. at ¶¶17-21.

2. Plaintiff claims that she tried to file a sexual harassment claims on January 25, 2022, February 28, 2022, March 17, 2022, and March 24. 2022. Id. at ¶¶ 24, 27. She claims that the Puerto Rico Police Bureau refused to act upon her previous complaints until March 24, 2022, when her complaint was classified as a sexual harassment complaint. Id. ¶¶ 28. She claims that soon after she filed an administrative claim, codefendant Maldonado-Martínez started excluding her from work assignments and was subject to a hostile work environment. Id. at ¶¶ 25-26. On May 2022, she filed a Discrimination Charge at the Equal Employment Opportunity Commission ("EEOC"). Id. at ¶ 29.

3. Plaintiff alleges that she is entitled to compensatory and punitive damages under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C.A. §621 *et seq.;* Puerto Rico Law 100, 29 P.R. Law §146 *et seq.*; and Puerto Rico Law 115, 29 P.R. Law § 194(a) *et seq*. (Docket No. 1, at ¶¶ 34-54). The specific acts on which Plaintiff grounds her discrimination and retaliation claims occurred between July 2021 and March 24, 2022. Id. at ¶¶15-28.

4. As will be explained further below, the Commonwealth of Puerto Rico and the Puerto Rico Police Bureau respectfully notifies this Court that an injunction is in full effect in this

---

[1] Codefendant Justo Martínez-Maldonado has not been served with process and therefore, the undersigned is not authorized to appear in his personal capacity. Should he be served with process, request Act 9 benefits and the Department of Justice grant it, defendants reserve the right file a responsive pleading on his behalf which may include enjoining the arguments here presented.

case, barring Plaintiff from continuing her monetary claims against Defendants. The instant suit is subject to the Discharge Injunction and Plaintiff is enjoined from prosecuting her claim.

## I. APPLICABILITY OF THE INJUNCTION UNDER PROMESA

5. As this Court is aware, on May 3, 2017 (the "Petition Date"), the Commonwealth by and through the Financial Oversight and Management Board of Puerto Rico (the "FOMB" or "Oversight Board"), as the Commonwealth's representative pursuant to PROMESA section 315(b), filed a petition with the United States District Court for the District of Puerto Rico (the "District Court") under Title III of PROMESA (the "Title III Case").

6. On January 18, 2022, the District Court entered an *Order and Judgment Confirming Modified Eight Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Buildings Authority* [Case No. 17-bk-3283-LTS, Docket No. 19813] (the "Confirmation Order"), which confirmed the *Modified Eight Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Buildings Authority* [Case No. 17-bk-3283-LTS, Docket No. 19784] (the "Plan"). See **Exhibit A**.

7. The Confirmation order states, in its pertinent part, in Paragraph 56 titled "Discharge and Release of Claims and Causes of Action," that:

> (a) Except as expressly provided in the Plan or herein, **all distributions and rights afforded under the Plan shall be, and shall be deemed to be, in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims or Causes of Action against the Debtors and Reorganized Debtors that arose, in whole or in part, prior to the Effective Date, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets, property, or interests of any nature whatsoever**, including any interest accrued on such Claims from and after the Petition Date, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of each of the Claims or Causes of Action; provided, however, that, without prejudice

to the exculpation rights set forth in section 92.7 of the Plan and decretal paragraph 61 hereof, nothing contained in the Plan or this Confirmation Order is intended, nor shall it be construed, to be a grant of a non-consensual third-party release of the PSA Creditors, AFSCME, and each of their respective Related Persons by any Creditors of the Debtors. **Upon the Effective Date and independent of the distributions provided for under the Plan, the Debtors and Reorganized Debtors shall be discharged and released from any and all Claims, Causes of Action, and any other debts that arose, in whole or in part, prior to the Effective Date (including prior to the Petition Date), and Claims of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code and section 407 of PROMESA,** whether or not (a) a proof of claim based upon such Claim is filed or deemed filed under section 501 of the Bankruptcy Code, (b) such Claim is allowed under section 502 of the Bankruptcy Code and section 407 of PROMESA (or is otherwise resolved), or (c) the holder of a Claim based upon such debt voted to accept the Plan. For the avoidance of doubt, nothing contained in the Plan or herein shall release, discharge, or enjoin any claims or causes of action against PREPA arising from or related to PREPA-issued bonds, including, without limitation, Monoline-issued insurance pertaining thereto, and PREPA is not releasing any claims or causes of action against any non-Debtor Entity. Claims and causes of action against PREPA arising from or related to PREPA-issued bonds, and releases against PREPA and its assets shall be addressed in PREPA's Title III case, including, without limitation, any plan of adjustment therein.

(b) Except as expressly provided in the Plan or herein, **all Entities shall be precluded from asserting any and all Claims against the Debtors and Reorganized Debtors, and each of their respective employees, officials, Assets, property, rights, remedies, Claims, or Causes of Action of any nature whatsoever, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets and property**, including any and all interest accrued on such Claims, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of each of the Claims or other obligations, suits, judgments, damages, debts, rights, remedies, causes of action, or liabilities. In accordance with the foregoing, except as expressly provided in the Plan or herein, **this Confirmation Order shall constitute a judicial determination, as of the Effective Date, of the discharge and release of all such Claims, Causes of Action or debt of or against the Debtors and the Reorganized Debtors pursuant to sections 524 and 944 of the Bankruptcy Code, applicable to the Title III Case pursuant to section 301 of PROMESA, and such discharge shall void and extinguish any judgment obtained against the Debtors or Reorganized Debtors and their respective Assets, and property at any time, to the extent such judgment is related to a discharged Claim, debt, or liability**. As of the Effective Date, and in consideration for the distributions or other value provided pursuant to the Plan, **each holder of a Claim in any Class under the Plan shall be and hereby is deemed to release and forever waive and discharge as against the Debtors and Reorganized Debtors, and their respective Assets and property, all such Claims.**

Confirmed Orden, Docket No. 19813 at ¶ 56; see also Plan of Adjustment, Docket No. 19813-1 at §92.2(a).

8.      The Confirmation Order states, in its paragraph 59, titled "Injunction on Claims," states that:

> Except as otherwise expressly provided in section 92.11 of the Plan, **this Confirmation Order, or such other Final Order of the Title III Court that is applicable, all Entities who have held, hold, or in the future hold Claims or any other debt or liability that is discharged or released pursuant to section 92.2 of the Plan or who have held, hold or in the future hold Claims or any other debt or liability discharged or released pursuant to section 92.2 of the Plan are permanently enjoined, from or after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative, or other proceeding) of any kind on any such Claim or other debt or liability discharged pursuant to the Plan against any of the Released Parties or any of their respective assets or property,** (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree, or order against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability discharged pursuant to the Plan, (c) creating, perfecting, or enforcing any encumbrance of any kind against an of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability discharged pursuant to the Plan, and (d) except to the extent provided, permitted or preserved by section 553, 555, 556, 559, or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from any of the Released Parties or any of their respective assets or property, with respect to any such Claim or other debt or liability discharged pursuant to the Plan. Such injunction shall extend to all successors and assigns of the Released Parties and their respective assets and property. Notwithstanding the foregoing, without prejudice to the exculpation rights set forth in section 92.7 of the Plan and decretal paragraph 61 hereof, nothing contained in the Plan or this Confirmation Order is intended, nor shall it be construed, to be a non-consensual third-party release of the PSA Creditors, AFSCME, and of their respective Related Persons by Creditors of the Debtors.

**Exhibit A**, Docket No. 19813 at p. 67, ¶59 (emphasis in original); see also Docket No. 19813-1 at 197, ¶ 92.3 (*Injunction on Claims*), comprising the same language as ¶ 59 of the Confirmation Order.

9. Likewise, ¶ 44 of the *Confirmation Order* advises of the need to file a proof of Administrative Expense Claim[2] within 90 days after the effective date of the Plan, providing the following:

> Administrative Claim Bar Date. The last day to file proof of Administrative Expense Claims shall be ninety (90) days after the Effective Date, after which date, any Administrative Expense Claim, proof of which has not been filed, shall be deemed forever barred, and the Debtors and Reorganized Debtors shall have no obligation with respect thereto; provided, however, that no proof of Administrative Expense Claim shall be required to be filed if such Administrative Expense Claim (a) shall have been incurred (i) in accordance with an order of the Court or (ii) with the written consent of the applicable Government Parties expressly granting such Administrative Expense Claim, (b) is a Professional Claim, (c) is an intergovernmental Claim, (d) is an Administrative Expense Claim of the IRS for the payment of taxes incurred by any of the Debtors during the period from and after the Commonwealth Petition Date, the ERS Petition Date, or the PBA Petition Date, as applicable, (e) relates to actions occurring in the ordinary course during the period from and after the respective Debtor's petition date up to and including the Effective Date, (f) relates to a Claim that is subject to the provisions of the ACR Order, including, without limitation, "grievance claims" relating to any of the Debtor's collective bargaining agreements, or (g) is the subject of a pending motion seeking allowance of an administrative expense pursuant to section 503(b) of the Bankruptcy Code as of the entry of this Confirmation Order; and, provided, further, that any such proof of Administrative Expense Claim by a governmental unit shall remain subject to the rights and interests of the Debtors and Reorganized Debtors, as the case may be, and any other party in interest to interpose an objection or other defense to the allowance or payment thereof.

**Exhibit A**, Docket No. 19813 at p. 49, ¶ 44.

---

[2] The Plan of Adjustment defines an Administrative Expense Claim as follows:

> 1.52 **Administrative Expense Claim**: A Claim against the Debtors or their Assets constituting a cost or expense of administration of the Title III Cases asserted or authorized to be asserted, on or prior to the Administrative Claim Bar Date, in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code arising during the period up to and including the Effective Date, and otherwise complying with applicable Puerto Rico law, including, without limitation, subject to the occurrence of the Effective Date, and except as provided in Section 3.5 hereof, Consummation Costs and PSA Restriction Fees; provided, however, that, under no circumstances shall an Administrative Expense Claim include the PBA Administrative Expense Claim.

Docket No. 19813-1 at p. 35

10. In addition, on March 15, 2022, the Effective Date of the Plan, the Oversight Board filed *Notice of (A) Entry of Order Confirming Modified Eight Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to the Title III of PROMESA and (B) Occurrence of the Effective Date* (*Notice*), in which notice was given of the deadline to file Administrative Expense Claims or Administrative Expense Requests. See **Exhibit B,** Case No. 17-bk-3283-LTS, ECF No. 20349.[3] The Notice also informed the methods in which all Administrative Expense Requests should be filed. ECF No. 20349 at 2.

11. The Notice informs that all those required to file the Administrative Expense Claim pursuant to Section 1.51 and Article III of the Plan and paragraph 44 of the *Confirmation Order* are enjoined from asserting such Administrative Expense Claim against the debtors and their property. The Notice provides, in its pertinent part, the following:

> **PLEASE TAKE FURTHER NOTICE that, if you are required to file an Administrative Expense Request pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order and fail to do so by the Administrative Deadline, you will be forever barred, estopped, and enjoined from asserting such Administrative Expense Claim (and from filing an Administrative Expense Request with respect to such Administrative Expense Claim) against the Debtors and their property, and the Debtors and Reorganized Debtors will be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense Claim.**

**Exhibit B**, Docket No. 20349 at 3 (emphasis in original).

12. The Department of Justice of the Commonwealth of Puerto Rico respectfully requests that this Court take judicial notice of the Bar Date Orders, the Confirmation Order, and the Effective Date.

---

[3] The Administrative Claim Bar Date pursuant to paragraph 44 of the *Confirmation Order* was extended until January 18, 2023, at 4:00p.m. on a limited scenario. See Case No. 17-3283-LTS, ECF No. 22650 at 3, ¶2.

13. Per the allegations in the Complaint, the event that gave rise to the same started on July 2021, and continued until March 24, 2022, that is before the Confirmation Order was issued and became effective. Thus, the current controversy before this Honorable court falls squarely within the scope and extent of the Discharge Injunction included in the Confirmation Order entered by the Court in the Commonwealth's Title III case.[4]

14. Section 92.2 of the Confirmed Plan, clearly discharged and released the Debtor/Commonwealth from "**any and all Claims, Cause of action and any other debts that arose, in whole or in part, prior to the Effective Date**." See Confirmed Plan §92.2(a) and Confirmation Order ¶ 56.

15. Section 1.135 of the Confirmed Plan defines "claims" as follow:

> Any right to payment or performance, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, known or unknown or asserted or unasserted; or any right to an equitable remedy for breach or enforcement of performance, whether or not such right to an equitable remedy is reduce to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured, and all debts, suits, damages, rights, remedies, losses, liabilities, obligations, judgments, actions, causes of action, demands, or claims of every kind or nature whatsoever, in law, at equity, or otherwise.

16. Also, Section 1.126 of the Confirmed Plan defines "Causes of Action" as follows:

> All claims, actions, causes of action, rights to payment, choses in action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, remedies, rights of setoff, third-party claims, subrogation claims, contribution claims, reimbursement

---

[4] Another sister Court in this District ruled over the scope of the Confirmation Order in the Title III Case. In Osuji, et. als. v. Departamento de la Familia, et. als., Civil No. 20-1545 (RAM), 2023 WL 2753683, p. 2, the Court stated that "the Plaintiffs claims against the PRDF are permanently enjoined pursuant to the Commonwealth's Title III Plan. […] the Plan contains several injunctions, one of which is a broad injunction on all Claims and Causes of Action against the Debtors and Reorganized Debtors not addressed within the Plan or the court order confirming it (the Confirmation Order) See Confirmation Order §§ 56, 59; Title III Plan §§ 92.2-92.3. This injunction applies to Plaintiffs' claims and permanently enjoins them from further pursuing this litigation against the PRDF."

    claims, indemnity claims, counterclaims, and cross claims (including, but not limited to, all claims for breach of fiduciary duty, negligence, malpractice, breach of contract, aiding and abetting, fraud, inducement, avoidance, recovery, subordination, and all Avoidance Actions) that are pending or may be asserted against any Entity whether arising on or before the Effective Date, based in law or equity, including, but not limited to, under the Bankruptcy Code, whether known, unknown, reduced to judgment, not reduce to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured and whether asserted or assertable directly or derivatively, in law, equity or otherwise and whether asserted or unasserted as of the Effective Date.

17. Thus, Plaintiff's claims against the Commonwealth of Puerto Rico and the Puerto Rico Police Bureau fall within the discharge provided in the Plan and Confirmation Order. The case at bar is subject to the Discharge Injunction and Plaintiff is enjoined from prosecuting her claim. Moreover, if Plaintiff failed to file proof of administrative expense claim in the Title III Case, her claim is forever barred. See ¶ 44 of the Confirmation Order.

18. Accordingly, and to enforce the terms of the Confirmation Order as they apply to this proceeding, the Commonwealth of Puerto Rico and the Puerto Rico Police Bureau respectfully request that this Court take notice of the discharge injunction and enter an order recognizing that any and all claims by Plaintiff against the Puerto Rico Police Bureau are stayed by the injunction and eventually discharged by paragraph 59 of the Confirmation Order and through section 92.2 of the Plan. This, if no administrative expense claim was filed as per paragraph 44 of the Confirmation Order. Plaintiff's claims are not contemplated in the claims or causes of action exempted from the requirement of having to file an administrative expense claim. See Case No. 17-3283-LTS, ECF No. 22650 at 4, ¶ 5.

19. This case should be stayed pursuant to the Plan and Confirmation Order, and order and judgment should be entered accordingly.

**WHEREFORE**, the Commonwealth of Puerto Rico and the Puerto Rico Police Bureau respectfully request that the Court recognize the discharge injunction under ¶ 59 of the Confirmation Order in the Title III Case and enter an order staying the instant adversary proceeding, since Plaintff's claim must be addressed through administrative expense claim per paragraph 44 of the Confirmation Order. Otherwise, dismissal with prejudice is warranted.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all attorneys on record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico on the 27th day of September 2024.

| | |
|---|---|
| **DOMINGO EMANUELLI-HERNÁNDEZ**<br>Secretary of Justice<br><br>**SUSANA I. PEÑAGARÍCANO-BROWN**<br>Deputy Secretary in Charge of Civil Litigation<br><br>**JUAN C. RAMÍREZ ORTIZ**<br>Deputy Undersecretary in Charge of Civil Litigation | *S/ Diana I. Pérez-Carlo*<br>**DIANA I. PÉREZ-CARLO**<br>USDC No. 307313<br>Department of Justice of Puerto Rico<br>Federal Litigation Division<br>PO Box 9020192<br>San Juan Puerto Rico, 00902-0192<br>Tel. (787) 721-2900, ext. 1419<br>Email: diana.perez@justicia.pr.gov |